UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Bill Patt and Jason George and their successors as Trustees of the Operating Engineers Local #49 Health and Welfare Fund, Michael Crabtree and his successors as a Fiduciary of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Eric Gulland and Bruce Carlson, and their successors as Trustees of the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program, the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program,<br><br>   Plaintiffs,<br><br>vs.<br><br>Precision Land & Tree Clearing LLC and Cory J. Groholski,<br><br>   Defendants. | Civil File No: _____<br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

   Plaintiffs, as their Complaint against the Defendants, state and allege as follows:

### IDENTITY OF PARTIES, JURISDICTION, VENUE

   1. Plaintiffs are Trustees and Fiduciaries of the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union

1

of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program ("Funds").

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).  The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq.  The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3. Defendant Precision Land & Tree Clearing LLC is a Minnesota limited liability corporation with the registered address of 7993 140th Street North, Hugo Minnesota 55038.  Defendant Precision Land & Tree Clearing LLC is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4. Defendant Cory J. Groholski is an individual and manager of Defendant Precision Land & Tree Clearing LLC who, as set forth herein, agreed to be personally liable to the Operating Engineers Local #49 Health and Welfare Fund.  Defendant Cory J. Groholski is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

5. This is an action by the Funds' Trustees as fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter

jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

6.     The Funds are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## **FACTS**

7.     The Funds re-allege incorporate by reference paragraphs 1-6 herein.

8.     On December 2, 2017, Defendant Precision Land & Tree Clearing LLC became bound to a collective bargaining agreement, together with the Landscape/Land Clearing Addendum, negotiated between the Associated General Contractors of Minnesota, Highway, Railroad, and Heavy Construction Division, and the International Union of Operating Engineers, Local No. 49 with a term of May 1, 2017 through April 30, 2020. ("CBA").

9.     On December 2, 2017, Defendant Cory J. Groholski executed a Participating Agreement with the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Participating Agreement") individually and on behalf of Defendant Precision Land & Tree Clearing LLC.

10.    The CBA incorporates by reference the terms of the Agreement and Declaration of Trust for the Operating Engineers Local #49 Health and Welfare Fund and the Trust Agreement for the Central Pension Fund of the International Union of Operating Engineers and Participating Employers and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program (collectively referred to as "Trust Agreements").

11. The Welfare Participating Agreement provides that in executing the Welfare Participating Agreement, Defendant Cory J. Groholski agreed to bind Defendant Precision Land & Tree Clearing LLC and himself individually to the full and faith full performance of the Welfare Participating Agreement.

12. The CBA and Trust Agreements require Defendants to contribute every month, not later than the 15th day of the following month contributions to the Funds in an amount set forth in the CBA for each hour worked by their employees covered by the CBA.

13. The Welfare Participating Agreement requires Defendants to submit contributions to the Operating Engineers Local #49 Health and Welfare Fund in accordance with the Welfare Participating Agreement, the CBA and Trust Agreements.

14. The CBA and Trust Agreements require Defendants to calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with their monthly payment to the Funds.

15. The CBA states that an employer shall be considered delinquent for a particular month if the remittance report and payment are not postmarked on or before the 15th day of the following month.

16. The CBA and Trust Agreements permit the Funds or their authorized agents to examine employer's payroll and employment records whenever such examination is deemed necessary by the Funds or their authorized agents in connection with the proper administration of the Funds.

17.     The CBA and Trust Agreements require Defendants to promptly furnish to the Funds or their authorized agents, on demand, all necessary employment and payroll records relating to their employees covered by the CBA for examination whenever such examination is deemed necessary by the Funds or their authorized agents.

18.     The CBA and Trust Agreements require Defendants to maintain adequate records to identify the type of work being performed by its employees to allow the Funds to determine whether Defendants are accurately reporting hours to the Funds including contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date, *i.e.*, the information typically maintained on timecards.

19.     Independent of the CBA and Trust Agreements, 29 U.S.C. § 1059 requires employers such as Defendants to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

20.     If Defendants fail to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Defendants are liable for all of the hours worked by that individual for whom Defendants are unable to produce satisfactory records verifying the type of work being performed by that individual.

21.     The CBA prohibits Defendants from subcontracting any work covered by the CBA unless the subcontractor agrees to comply with the wages, fringe benefits and premium pay, and on-the-job conditions set forth in the CBA on the subcontracted project.

22. The CBA state that if an employer becomes delinquent, it shall be required to pay as liquidated damages an amount equal to 15% of the payment otherwise due.

23. The Trust Agreements provide for the payment of liquidated damages when contributions are not timely submitted.

24. The CBA states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

25. The Trust Agreements state that employers are liable for any attorneys' fees or expenses incurred by the Funds in pursuing the collection of delinquent contributions.

26. The Trust Agreements state that an employer is liable for interest on any unpaid contributions.

## COUNT I
## BREACH OF CONTRACT/FAILURE TO PERMIT REQUESTED AUDIT

27. The Funds re-allege and incorporate by reference paragraphs 1-26 herein.

28. The Funds' authorized agent requested that Defendants produce a complete set of payroll and employment records as specified in the CBA and Trust Agreements for the period of March 1, 2018 to the present.

29. Defendants breached the terms of the CBA and Trust Agreements by failing to produce all of the records as reasonably requested by the Funds' authorized agent.

30. Upon information and belief, Defendants employed individuals during the period of March 1, 2018 through the present on whose behalf accurate contributions are due and owing.

31. Unless Defendants are ordered to specifically perform the obligation to produce the records and permit the audit and are enjoined from further obstruction of such procedure, the Funds will have no means of verifying the proper amounts due and owing to them, nor will the Funds have adequate means of ascertaining the proper allocation of such contributions to Defendants employees pursuant to ERISA, the CBA and the Trust Agreements.

32. In the absence of this court's order as requested, the Funds are without adequate remedy at law and will be subject to irreparable harm.

33. Defendants should be enjoined from further refusal and failure to allow the Funds' authorized agent access to their relevant records pursuant to the CBA, the Trust Agreements, and ERISA.

34. Defendants are liable to the Funds for the CBA and Trust Agreement-obligated contributions for all hours worked by all of their employees for whom Defendants are unable to produce satisfactory records verifying the type of work performed by any such individuals.

35. Pursuant to the CBA and Trust Agreements, Defendants are liable to the Funds for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements, as well as the auditing fees and costs incurred in conducting such audit.

36. Defendants are liable to the Funds for interest charges on the unpaid contributions for the Audit Period pursuant to the Trust Agreements.

## COUNT II
## ERISA DAMAGES

37. The Funds re-allege incorporate by reference paragraphs 1-36 herein.

38. The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

39. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

40. The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against Defendants as follows:

1. For an Order adjudging that the Defendants are required to forthwith produce for inspection and audit for the period of March 1, 2018 any and all records requested and reasonably deemed necessary to the performance an audit by the Plaintiffs' authorized agent.

2. For an Order adjudging that the Defendants are enjoined from further failure or refusal to produce such records and to permit such inspection, and from further obstruction of Plaintiffs' auditing procedures during the term of the CBA.

3. For judgment against the Defendant Precision Land & Tree Clearing LLC for all unpaid fringe benefit contributions discovered to be due to all Plaintiff fringe benefit funds pursuant to the audit of the period of March 1, 2018 through the present plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

4. For judgment against the Defendant Cory J. Groholski for all unpaid fringe benefit contributions discovered to be due to the Operating Engineers Local #49 Health and Welfare Fund pursuant to the audit of the period of March 1, 2018 through the present plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

5. For an award of costs, disbursements and attorney fees according to law.

6. For such other and future relief as the Court deems just, equitable or proper.

Date: June 24, 2019

MCGRANN SHEA CARNIVAL
STRAUGHN & LAMB, CHARTERED


By:   s/ Amy L. Court
    Carl S. Wosmek (Atty. No. 300731)
    Amy L. Court (Atty. No. 319004)
    Christy E. Lawrie (Atty. No. 388832)
800 Nicollet Mall, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 338-2525
csw@mcgrannshea.com
alc@mcgrannshea.com
cel@mcgrannshea.com

*Attorney for Plaintiffs*

1145415.DOCX